**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

DOROTHY A. HARRISON                                                              PLAINTIFF

VS.                                                        Civil Action No. 4:10-cv-0079-HTW-LRA

HAROLD CLARK                                                                      DEFENDANT

### ORDER OF DISMISSAL

This cause is before the court *sua sponte* for consideration of dismissal for lack of subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (1985) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)).  Thus, "unless a dispute falls within the confines of the jurisdiction conferred by Congress," this court does not have the authority to issue orders regarding its resolution.  *Id.*  Subject matter jurisdiction cannot be waived, nor may the parties confer jurisdiction upon the court either by their conduct or consent.  *Id.*

Here, on May 3, 2010, plaintiff filed this case for "Paternity Adjudication and For Establishment of Child Custody, Support and Visitation Rights." Since then, plaintiff has filed eight (8) motions related to the matter: 1) Motion for Default Judgment [Docket No. 6];  2) Motion for Demand of Judgment [Docket No. 7];  3) Motion for Writ of Garnishment [Docket No. 8];  4) Motion to Suspend License [Docket No. 9];  5) Motion for Judgment, to Set Case for Review and Incarceration [Docket No. 10];  6) Motion for Hearing [Docket No. 11];  7) Motion to Expedite [Docket No. 12]; and Motion for Speedy

1

Trial [Docket No. 14].

In her Complaint [Docket No. 1], plaintiff seeks an adjudication of paternity, grant of primary custody, establishment of child support, child support back pay, legal costs for filing the instant action, and punitive damages on behalf of the child.  Plaintiff inartfully alleges that this court has jurisdiction authorized by Title 28 U.S.C. § 1331,[1] because of violations by defendant of the Child Support Recovery Act of 1992 ("CSRA"), 18 U.S.C. § 228,[2] and the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), 42 U.S.C. § 601 *et. seq.*[3]

These statutes, however, provide no private right of action for one to sue for child support. The Second Circuit addressed this issue already, finding that this statute, the CSRA, which allows for criminal prosecution of parents who move to another state and willfully fail to pay child support obligations, provides for neither an explicit nor an implicit private right of action. *Salahuddin v. Alaji*, 232 F.3d 305, 307-309 (2nd Cir. 2000).

As for the PRWORA, plaintiff does not specify which portion of the act she seeks to enforce, but generally claims this court's jurisdiction saying the non-custodial father "is not supporting his child under the 1996-Personal Reponsibility and Work

---

[1] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[2] Child Support Recovery Act of 1992 allows for criminal prosecution of persons who willfully fail to pay established child support obligations to a child who resides in a different state from defendant.

[3] The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 increased restrictions on welfare benefits and required states who participate in and receive funds under the Child Support Enforcement Act (42 U.S.C. § 651) to operate a child support enforcement program which meets federal standards.

Opportunities Reconciliation Act of 1996." Title IV-D[4] of this act specifically addresses child support. This section of the statute provides a framework for state governments to create a program to establish paternity and collect and distribute child support payments from non-custodial parents. Case law related to Title IV-D for child support is almost entirely § 1983 lawsuits by custodial parent against state governments to enforce state program compliance with federal law.

The Fifth Circuit has found no private right of action in these circumstances. In *Cuvillier v. Taylor*, the Fifth Circuit stated "[n]o doubt Congress meant for individuals like [plaintiff] to fall within the sphere of Title-IV's benefits . . . . however, this circumstance is insufficient to find a federal right secured by the statutory scheme. Congress did not intend the provisions [plaintiff] relies on to give rise to an individual federal right to child support or child support collection." *Cuvillier v. Taylor*, 503 F.3d 397, 408 (5th Cir. 2007)(referring to plaintiff's claims asserted under the Title IV-D child support provisions, 42 U.S.C. §§ 651-669b). The *Cuvillier* court relied on the U.S. Supreme Court case *Blessing v. Freestone*, in which the Court did not completely foreclose the possibility of individually enforceable rights existing under the Title IV-D, but stated the plaintiff must "identify with particularity the rights they claimed, since it is impossible to determine whether Title IV-D, as an undifferentiated whole, gives rise to undefined rights." *Id* at 403. In this case, the plaintiff has asserted no specific claims of a right under PRWORA, only that the defendant is not paying child support.

---

[4] Title 42 U.S.C. §§ 651-669 (2010).

Finally, matters regarding paternity, custody and child support do not "arise under" federal law as required by Title 28 U.S.C. § 1331.  *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12, 124 S. Ct. 2301, 2309 ("Long ago we observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'") (quoting *In re Burrus*, 136 U.S. 586, 593-594, 10 S. Ct. 850, 34 L. Ed. 500 (1890)).  Because this court lacks subject matter jurisdiction to hear this case, this court dismisses all motions, as well as the complaint.  This lawsuit is hereby terminated.

**SO ORDERED, this the 4th day of May, 2011.**


**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 4:10-cv-0079-HTW-LRA
Order of Dismissal